UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AHMADOU SANKARA,

        Petitioner,

    v.                                      19-CV-174
                                              ORDER

WILLIAM P. BARR, *et al.*,

        Respondents.

---

On February 27, 2019, the pro se petitioner, Ahmadou Sankara, commenced this proceeding by filing a petition for a writ of habeas corpus. Docket Item 1. On April 30, 2019, this Court issued a decision and order denying Sankara's petition without prejudice. Docket Item 25. The next day, the Clerk of Court entered judgment for the respondents, and the case was closed. Docket Item 26.

Since that time, Sankara has filed, and this Court has denied, several motions for reconsideration. Sankara's motion for reconsideration dated July 24, 2019, remains pending. For the reasons stated in this Court's text order dated July 11, 2019, that motion is denied.

On August 15, 2019, and again August 26, 2019, Sankara wrote a letter to this Court and moved for an emergency stay of his removal in light of his petition for a writ of certiorari before the United States Supreme Court. Docket Items 37, 38. That petition seeks review of the Second Circuit's decision denying his request for review of various BIA decisions. In one of his letters, Sankara noted that in "*Nken v. Holder*, 556 U.S.

418, 434 (2009), the Supreme Court instructed courts to adjudicate stay motions by applying the 'traditional' standard for a stay.'" Docket Item 38 at 1.

This proceeding has been fully adjudicated and was closed on May 1, 2019. But even if it were not closed, Sankara would be foreclosed from seeking a stay of his removal order from this Court as part of this proceeding. Sankara's habeas petition must challenge validity of his detention, not his order of removal. His motion to stay removal has no relationship to his habeas petition. In fact, if Sankara is removed, any pending habeas petition would be moot because of his release from custody. *See Edwards v. Ashcroft*, 126 F. App'x 4, 4 (2d Cir. 2005); *Diop v. Sessions*, 2019 WL 1894387, at *2 (S.D.N.Y. Mar. 20, 2019).

What is more, Congress has foreclosed district courts from reviewing removal orders. "As part of the REAL ID Act of 2005, Congress mandated that 'the sole and exclusive means for judicial review of an order of removal' should be 'a petition for review filed with an appropriate court of appeals.'" *Singh v. U.S. Citizenship and Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017) (quoting 8 U.S.C. § 1252(a)(5)). District courts therefore have concluded that they lack jurisdiction to stay removal in typical circumstances. *See, e.g.*, *Barros Anguisaca v. Decker*, 2019 WL 3244122, at *4-*7 (S.D.N.Y. July 9, 2019); *Al-Garidi v. Holder*, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) ("This Court and other district courts throughout the country have routinely held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal.").[1]

---

[1] There may be some limited circumstances where a district court may enjoin removal. *See Yearwood v. Barr*, 2019 WL3456738, at *5 (July 30, 2019) (discussing cases). Those circumstances do not apply here.

Sankara must seek the relief he wants from an immigration judge or the BIA. Alternatively, a court that is reviewing his removal-related proceedings may stay his removal order. But it appears Sankara already has sought this relief: On May 8, 2019, the Second Circuit dismissed Sankara's petitions for review in his removal-related proceedings "because they present no arguable issues." Order at 1, *Sankara v. Barr*, No. 17-2257 (2d Cir. May 8, 2019). At the same time, the court denied Sankara's motion to stay his removal as moot. *Id.* And three weeks later, the Second Circuit denied Sankara's motion for reconsideration of that decision. Order, *Sankara v. Barr*, No. 17-2257 (2d Cir. May 29, 2019). On June 21, 2019, the Second Circuit returned Sankara's motion for a stay pending writ of certiorari for lack of jurisdiction. Notice of Non-Jurisdiction, *Sankara v. Barr*, No. 17-2257 (2d Cir. June 21, 2019).

On June 25, 2019, Sankara filed a petition for writ of certiorari with the United States Supreme Court. Petition, *Sankara v. Barr*, No. 19-5005 (S. Ct. June 25, 2019). On July 25, 2019, Sankara moved a justice of the Supreme Court to stay his removal pending the disposition of his petition for a writ of certiorari. Justice Ginsburg denied Sankara's motion to stay his removal on July 25, 2019.

Sankara now asks this Court to do what Justice Ginsburg would not. But this Court is without jurisdiction over his motion, Docket Item 38, and it is otherwise improperly raised in a habeas proceeding. The motion is therefore denied.

SO ORDERED.

Dated:    September 3, 2019
               Buffalo, New York

                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE